# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-CR-866-4 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ISAIAH CARSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Isaiah Carson ("Carson") for bond pending sentencing. (Doc. No. 236.) Plaintiff United States of America (the "government") has filed a response. (Doc. No. 240.) For the reasons that follow, Carson's motion is DENIED.

## I. BACKGROUND

On December 14, 2021, an indictment issued against Carson and 10 other individuals charging a drug trafficking conspiracy. (Doc. No. 13.) Specifically, Carson was charged with one count of conspiracy to distribute and possess with intent to distribute fentanyl and methamphetamine, in violation of 21 U.S.C. § 846 (Count One); and one count of use of a communications facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843(b) (Count Six). (*Id.*)

The government moved for pretrial detention, and, on December 22, 2021, Magistrate Judge William H. Baughman, Jr. conducted a detention hearing. (Minutes of proceedings [non-document], 12/22/2021; *see* Doc. No. 245 (Transcript of Detention Hearing).) At the conclusion

of the hearing, the magistrate judge took the matter under advisement. On December 23, 2021, the magistrate judge issued an order of detention, finding by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person or the community. (Doc. No. 53 (Detention Order), at $2^1$.) As bases for his ruling, the magistrate judge cited the weight of the evidence against Carson; the fact that Carson was subject to a lengthy period of incarceration if convicted; his history of violence and/or use of weapons; and his lack of stable employment. (*Id*.) In further support of detention, the magistrate judge noted that:

> In addition to the factors I highlight above, I weigh against release the government's allegation that defendant Isaiah Carson aka Zeek participated in criminal conduct while on bond in a pending state criminal case, which I identify below. See, e.g., [(Doc. No. 13 ¶¶26, 27, 53)]. Carson may have rebutted the presumption regarding the risk of flight, but it is less clear he has done so with regard to the risk of danger to others and the community given this allegation. Moreover, the government has shown by clear by clear and convincing evidence that, because of the nature of Carson's alleged involvement with the criminal activity at issue in this case as well as the nature and scope of the conspiracy alleged here, no condition or combination of conditions of release for Carson will reasonably assure the safety of other persons or the community. According to the pretrial report prepared by the U.S. Pretrial & Probation Officer and as confirmed by counsel on both sides, Carson is scheduled to begin a trial in the Cuyahoga County Court of Common Pleas on February 1, 2022 at 9:00 a.m. in Case No. CR-21-661186-A on charges of assault, felonious assault, and aggravating menacing. I instruct the U.S. Marshal's Office to coordinate with the Cuyahoga County Sheriff's Office the custody of Carson in a manner that would allow him to appear in the Cuyahoga County Court of Common Pleas for his trial on February 1, 2022 to the extent the state judge presiding over those cases proceeds with Carson's trial as currently scheduled. Reasonable opportunity for Carson's consultation with his trial attorney shall be provided.

(*Id*. at 3.)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

On June 23, 2023, with the benefit of a plea agreement, Carson entered a plea of guilty to Count One of the indictment. (Minutes of proceedings [non-document], 6/23/2023; *see* Doc. No. 233 (Carson's Plea Agreement).) In accordance with the plea agreement, Carson entered a knowing and voluntary plea to conspiracy to possess with intent to distribute between 32 and 40 grams of fentanyl. (*See* Doc. No. 233 ¶ 17, at 5.) At the conclusion of the hearing, the Court remanded Carson to the custody of the U.S. Marshals. The Court ordered the preparation of a Presentence Investigation Report ("PSR") by U.S. Probation and Pretrial Services and set sentencing for October 12, 2023. (*See* Minutes of Proceedings [non-document], 6/23/2023.)

## II.  DISCUSSION

On July 24, 2023, Carson filed the present motion in which he moves the Court for bond pending sentencing, arguing "there is a combination of conditions, such as GPS monitoring or home detention with electronic monitoring, pre-trial supervision and drug testing which would ensure that the community is protected; and that [Carson] will not flee the Jurisdiction of the Court." (Doc. No. 236, at 6.) He suggests that his "personal history and characteristics," along with applicable case law, make him "an appropriate candidate for a bond." (*Id*. at 5.) Additionally, he notes that his two young children have been emotionally "negatively impacted by his continued detention." (*Id*.)  He further represents, without support, that he has secured employment and could provide financial assistance to his family if released.[2] (*Id*. at 5–6.)

While Carson cites 18 U.S.C. § 3242(e), release pending sentencing, as relevant here, is actually governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions not applicable here.

---

[2] At the time the Pretrial Services Report was prepared, Carson was unemployed. (*See* Doc. No. 17, at 2.)

3

Under 18 U.S.C. § 3143(a)(1), the Court:

> shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 944 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

The Court finds that Carson has failed to demonstrate by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released. Carson has now entered a guilty plea to conspiracy to traffic a substantial amount of fentanyl, an inherently danger activity. He also has pending charges in state court for felonious assault, assault, and aggravated menacing.[3] (*See* Doc. No. 245, at 5, 7.)

Additionally, the Court is far from convinced that Carson will not flee. He now stands convicted of conspiracy to traffic fentanyl, and even a low end guidelines sentence would be at least 24 months. If he is released on bond now, Carson would most certainly be required to return to prison for at least a portion of any sentence imposed by this Court.[4] He is also still facing serious felony charges in state court, and he committed the present controlled substance offense while on bond in state court, suggesting that he is unwilling or unable to follow court-imposed conditions of release. (*See* Doc. No. 245, at 7.) For all of these reasons, the Court finds that Carson has failed

---

[3] *See* https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=irIC1_WIyE26F-D9k_O68Q2 (docket from *State vs. Carson*, Cuyahoga Cnty. Ct. of Common Pleas Case No. CR-21-661186-A) (last visited August 24, 2023). It appears from the state court docket that Carson failed to appear for trial on February 1, 2022—presumably because Carson was in federal custody at the time—and a capias issued. The state criminal case remains open, and it is unclear whether Carson would be permitted to remain out on bond in that action if he were released from federal custody. (*See id.*)

[4] While there is no way to predict with certainty what sentence Carson will receive until a PSR is prepared and the Court conducts a sentencing hearing, it is at least within the realm of possibility that, with credit for time served to date, if Carson remains in custody until sentencing he could be released from prison shortly thereafter.

4

to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the community. He is, therefore, subject to detention under § 3143(a)(1).

Once detained in accordance with § 3143(a)(1), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added).

The Court does not find the existence of "exceptional reasons" for release. "Exceptional reasons" permitting the release of a defendant subject to detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). While the Court is sympathetic to Carson's concern for his children and commends his desire to contribute to the family finances over the next two months before sentencing, there is an absence of any precedent for concluding that such factors amount to exceptional circumstances under § 3145(c). *See United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (finding that cooperation with the government, economic hardship, and hardship to family did not combine to make exceptional circumstances); *United States v. Reynolds*, No. 12-20843, 2013 WL 4744750, at *13 (E.D. Mich. Sept. 4, 2013) (concluding that even though the defendant's mother suffered from lupus requiring defendant's care, the defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that the defendant was the sole owner of a small business, these factors were insufficient to establish exceptional circumstances warranting release pending sentencing), *aff'd*, 626 F. App'x 610 (6th Cir. 2015); *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994) (disruption of family due to incarceration not an exceptional circumstance) (collecting cases); *United States*

*v. Bloomer*, 791 F. Supp. 100, 102 (D. Vt. 1992) (defendant's close relationship with stepdaughter and stabilizing influence on wife were not exceptional circumstances).

Ultimately, the Court finds that Carson has not satisfied his burden of demonstrating reasons sufficient to persuade the Court that temporary release under any statutory provision is warranted.

### III. CONCLUSION

For the foregoing reasons, Carson's motion for bond pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: September 1, 2023

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**